IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RIESHA WILLIAMS,<br>   *Plaintiff,*<br><br>v.<br><br>DEE MIRACLE AUTO GROUP,<br>LLC, *et al.*<br><br>   *Defendants.* | Civil Action No.: ELH-15-02466 |

**MEMORANDUM**

On August 20, 2015, Riesha Williams, plaintiff, filed suit against defendants Dee Miracle Auto Group, LLC ("Dee Miracle")[1] and Demont Raymond Bell for (1) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*; (2) common law fraud; and (3) violation of the Maryland Consumer Protection Act, Md. Code (2013 Repl. Vol., 2015 Supp.), §§ 13–101 *et seq.* of the Commercial Law Article. ECF 1, Complaint. On November 2, 2015, two executed summonses were docketed. One summons evidenced service on Dee Miracle on October 7, 2015, and indicates that Mr. Bell accepted service for Dee Miracle. ECF 5 at 2. The second summons evidenced service on Mr. Bell on October 7, 2015. ECF 6.

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer within twenty-one days after being served with a summons and complaint. *See* Fed. R. Civ. P 12(a)(1)(A)(i). Defendants did not respond to the Complaint. Therefore, on November 2, 2015, approximately five days after defendants' answers were due, plaintiff filed a Motion for Clerk's Entry of Default as to Dee Miracle and Mr. Bell, pursuant to Fed. R. Civ. P. 55(a). ECF 7. On

---

[1] The Complaint refers to Dee Miracle as "Dee Miracle," "DeeMiracle," and "Deemirical." ECF 1 at 1.

November 4, 2015, the Clerk entered default as to both defendants. ECF 8.[2] Thereafter, on December 10, 2015, pursuant to Fed. R. Civ. P. 55(b), plaintiff filed a "Motion for Default Judgment, Request for Actual, Punitive and Statutory Damages, Costs and Reasonable Attorney Fees" (ECF 9, "Motion for Default Judgment"), accompanied by seven exhibits. ECF 9-1 through ECF 9-7. By Order of December 15, 2015, I referred the case to Magistrate Judge Gesner for a Report and Recommendation as to the Motion for Default Judgment. ECF 11.

On December 30, 2015, the Clerk docketed correspondence submitted by Mr. Bell. ECF 13. He states that he "received an [sic] letter from The Kennedy law firm stating an [sic] case with my dealership (Deemiracle Auto Group) was being sued from an [sic] customer Riesha Williams. I was not aware of this at all until the letter was received." *Id.* at 1. Mr. Bell submits, *id.*: "My Dealership have [sic] different things, such as window tinting, car wash, with multiple people there at all times, I'm not sure if the letter was served to the wrong guy or not . . . ." Mr. Bell also requests "the opportunity to get a lawyer and defend [him]self at a hearing." *Id.* As of this date, plaintiff has not responded to Mr. Bell's submission.[3]

Construing Mr. Bell's submission liberally, as I must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I shall regard ECF 13 as a Motion to Vacate Clerk's Entry of Default ("Motion to Vacate"), but only as to Mr. Bell. For the reasons discussed, *infra*, I cannot construe it as a Motion to Vacate by Dee Miracle.

---

[2] The Clerk's original entry of default (ECF 8) contained a typographical error, which the Clerk corrected on December 15, 2015. ECF 10.

[3] On January 8, 2016, plaintiff filed a "Supplemental Memorandum for Default Judgment, Request for Actual, Punitive, Statutory Damages, and Reasonable Attorney Fees" (ECF 14), accompanied by fifteen exhibits (ECF 14-1 through ECF 14-15; collectively "Supplemental Memorandum") in response to Magistrate Judge Gesner's Order of December 22, 2015 (ECF 12). Plaintiff's Supplemental Memorandum states, ECF 14 at 1: "This application is made on the grounds that these Defendants have failed to appear and to file an answer to the complaint in this action . . . ."

Rule 55(c) of the Federal Rules of Civil Procedure states, in part: "The Court may set aside an entry of default for good cause . . . ." In *Payne ex rel. Estate of Calzada v. Break*, 439 F.3d 198, 203 (4th Cir. 2006), the Fourth Circuit instructed:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*See also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

To be sure, a "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F.Supp. 2d 418, 421 (D. Md. 2005). Nevertheless, the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989).

Here, Mr. Bell corresponded with the Court a few weeks after plaintiff filed the Motion for Default Judgment. He contends that he had no notice of the suit until he received a letter from plaintiff's counsel, apparently after the deadline to file responsive pleadings had passed. Mr. Bell now requests an opportunity to retain counsel and to adjudicate the merits of the case. There is no indication of any prejudice to plaintiff by such a comparatively brief delay at the outset of this litigation.

Mr. Bell was entitled to file the Motion to Vacate on his own behalf. However, "[i]ndividuals who are parties in civil cases may only represent themselves." Local Rule 101.1(a). Moreover, Dee Miracle cannot act without counsel. "All parties other than individuals must be represented by counsel." *Id.* Indeed, it "has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Roland v. Cal. Men's Colony*, 506 U.S. 194, 201 (1993). And, the same is true of a limited liability company or LLC. *See Cluck-U, Corp. v. C.U.C. of Md., Inc.*, DKC-10-2105, 2010 WL 3516937, at *1 (D. Md. Sept. 7, 2010) ("The applicable law is clear: as a limited liability company, [the defendant] needs an attorney. *See Vick v. Wong,* 263 F.R.D. 325, 328 n. 1 (E.D. Va. 2009) ('[A] limited liability company . . . cannot appear *pro se,* even if represented by one of its members, but must be represented by an attorney.'); *Sea Island Co. v. The IRI Grp., LLC,* No. 3:07cv013, 2007 WL 2997660, at *1 (W.D.N.C. Oct.12, 2007) ('[T]he law is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel.'); *Gilley v. Shoffner,* 345 F. Supp. 2d 563, 567 (M.D.N.C. 2004) ('[A] limited liability company may not appear in this case or seek relief *pro se.*'); *cf. Allied Colloids, Inc. v. Jadair, Inc.,* No. 96–2078, 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) ('[A]lmost every court to address this issue has held that a corporation may not appear pro se but must be represented only by duly licensed counsel.')"). As a result, an LLC cannot represent itself or appear through a non-attorney member.

In the exercise of my discretion, and given the absence of any evidence of prejudice to plaintiff or deliberate dilatory conduct by Mr. Bell, I shall GRANT the Motion to Vacate (ECF 13) as to Mr. Bell, and DENY the Motion for Default Judgment (ECF 9) as to Mr. Bell. But, I shall DENY the Motion to Vacate (ECF 13) as to Dee Miracle, without prejudice to the right of

Dee Miracle to submit a Motion to Vacate, through counsel, within 30 days of the date of this Memorandum.

An Order follows.

Date: January 29, 2016                    /s/
                                          Ellen L. Hollander
                                          United States District Judge