**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

   Chambers of                                                                101 West Lombard Street
**Ellen Lipton Hollander**                                        Baltimore, Maryland 21201
  District Court Judge                                                     410-962-0742

February 1, 2016

MEMORANDUM TO MR. BELL AND COUNSEL

      Re:    *Riesha Williams v. Dee Miracle Auto Group, LLC et al.*
                Civil Action No. ELH-15-2466

Dear Mr. Bell and Counsel:

      By Memorandum (ECF 15) and Order (ECF 16) of January 29, 2016, I granted the Motion to Vacate (ECF 13) the Clerk's entries of default (ECF 8, ECF 10) as to defendant Demont Raymond Bell, but denied the Motion to Vacate (ECF 13) as to defendant Dee Miracle Auto Group, LLC.

      As noted in my Memorandum (ECF 15 at 2), Mr. Bell claimed that he was not properly served. ECF 13 at 1. According to Mr. Bell, he had no notice of this suit until he received a letter from plaintiff's counsel. *Id.*

      On January 29, 2016, soon after the filing of ECF 15 and ECF 16, plaintiff filed a "Motion for Reconsideration." ECF 17. The crux of plaintiff's argument is that Mr. Bell was properly served, but never responded to the complaint. *Id.* at 1-2. In particular, plaintiff argues, *id.* at 2:

> Mr. Bell's letter to the Court [doc. [ECF] 13] is not accurate for the following reasons. On October 7, 2015 at 4:40 p.m. Mr. Bell was served in-hand in his individual capacity at his place of business, 900 Larchmont Ave., Capitol heights, MD 20743 by William Malone, Private Process Server Exhibit 1. On the same date, time and location he was also served and accepted same for Dee Miracle Auto Group, LLC. Exhibit 2. Both summonses were served by Mr. Malone and he signed the affidavits under the penalty of perjury. See also [Doc [ECF] 5 & [ECF] 6].

Further, plaintiff argues that "since Mr. Bell requested a hearing thirty (30) days have passed and he has taken no action to engage the services of an attorney." *Id.*

      I find unpersuasive plaintiff's contention that the Court should reconsider its Memorandum (ECF 15) and Order (ECF 16). The Clerk docketed Mr. Bell's correspondence on December 30, 2015. ECF 13. During the month that elapsed between Mr. Bell's submission and the issuance of my Memorandum (ECF 15) and Order (ECF 16), plaintiff did not respond to Mr. Bell's correspondence, despite having notice of Mr. Bell's submission via CM/ECF. Indeed, plaintiff never expressed any opposition. Only now, after the issuance of my Memorandum

(ECF 15) and Order (ECF 16), has plaintiff responded to Mr. Bell's contention that service was defective.

The Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989). Here, Mr. Bell, requested an opportunity to retain counsel and to adjudicate the merits of the case. *See* ECF 13 at 1. Plaintiff does not identify how she will be prejudiced by affording Mr. Bell the opportunity to adjudicate the merits of the case. *See* ECF 17 at 2. Moreover, although plaintiff complains that Mr. Bell has yet to obtain counsel, he is not required to obtain counsel; he may defend himself.

Accordingly, plaintiff's "Motion for Reconsideration" (ECF 17) is DENIED.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such. The Clerk is further directed to send a copy of this Order by United States Mail to Mr. Bell at the address below.

                                            Very truly yours,

                                            /s/

                                          Ellen Lipton Hollander
                                          United States District Judge

CC:
Mr. Demont Bell
Dee Miracle Auto Group LLC
900 Larchmont Avenue
Capitol Heights, MD 20743