IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RIESHA WILLIAMS, <br> Plaintiff, | * <br> * | |
| v. | * | Civil No. ELH-15-2466 |
| DEE MIRACLE AUTO GROUP LLC, et al. <br> Defendants. | * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The above-referenced case was referred to the undersigned to review plaintiff's motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 11.) Currently pending is plaintiff's Motion for Default Judgment ("Motion") (ECF No. 9) and plaintiff's Supplemental Memorandum for Default Judgment (ECF No. 14). No hearing is deemed necessary. See Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons discussed herein, plaintiff's Motion (ECF No. 9) is DENIED without prejudice.

### Procedural Background

Plaintiff filed its Complaint against Dee Miracle Auto Group, LLC and Demont Raymond Bell on August 20, 2015 (ECF No. 1), and both defendants were served with process on October 7, 2015. (ECF Nos. 5, 6.) Defendants did not respond to the Complaint, and, on November 2, plaintiff moved for an entry of default as to both defendants. (ECF No. 7.) The

Clerk of Court ordered an entry of default as to both defendants on November 5, 2015.[1]  Plaintiff filed the pending Motion for Default Judgment on December 10.  (ECF No. 9.)  On December 15, Judge Hollander referred plaintiff's Motion to the undersigned to prepare a report and recommendation.  (ECF No. 11.)

On December 30, 2015, the Court received a letter from defendant Demont Bell in which Mr. Bell alleged that service was improper and asked for "the opportunity to get a lawyer and defend [himself] at a hearing."  (ECF No. 13.)  Judge Hollander construed defendant Bell's letter as a Motion to Vacate Clerk's Entry of Default.  (ECF No. 15.)

For the reasons stated in her Memorandum, Judge Hollander vacated the court's entry of default as to Mr. Bell.  (ECF Nos. 15, 16.)  Given the requirement that corporate defendants be represented by counsel, however, Judge Hollander denied without prejudice the motion to vacate as to defendant Dee Miracle Auto Group, LLC and gave this defendant thirty (30) days from the date of her Order in which to move for reconsideration.  Loc. R. 101.1(a).  (ECF Nos. 15, 16.)  Plaintiff then filed a Motion for Reconsideration (ECF No. 17), and Judge Hollander denied plaintiff's motion on February 1, 2016.  (ECF No. 18.)

## Discussion

When default has not been entered against all defendants in a multi-defendant case, the "true mode of proceeding . . . is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants."  Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 554 (1872.)  See also, Russell v. Railey, No. DKC-08-2468, 2012 WL 1190972 at *5-6 (D. Md. Apr. 9, 2012) (denying motion for default judgment as to two corporate

---

[1] The Clerk's original entry of default (ECF No. 8) contained a typographical error which was corrected on December 15, 2015.  (ECF No. 10.)

defendants, where default had not been entered against the final, individual defendant).  This court has recognized, however, that "Frow's holding is limited to situations alleging joint and/or several liability, or at least, closely related liability."  Arbor Care Tree Experts, Inc. v. Arbor Care Tree Experts & Outdoor Servs., No. ELH-10-1008, 2011 WL 219636, at *2 (D. Md. Jan. 21, 2011) (internal quotation marks and citation omitted).

Here, it appears that defendants' liability is closely related, as Mr. Bell is alleged to be the "primary owner" and an agent of Dee Miracle Auto Group, LLC, and the relief sought is against all defendants collectively.  (ECF No. 1.)  Therefore, it would be inappropriate for the court to grant plaintiff's Motion with respect to one of the two defendants, when one defendant, Mr. Bell, remains in the case and the other defendant, Dee Miracle Auto Group, LLC, may still move to vacate the court's entry of default against it.  (ECF No. 16.)

## Conclusion

For the foregoing reasons, plaintiff's Motion for Entry of Default Judgment as to defendant Dee Miracle Auto Group, LLC (ECF No. 9) is DENIED without prejudice.

I direct the Clerk to mail a copy of this Memorandum and Order to defendants at the address listed on plaintiff's Complaint.  (ECF No. 1.)


Date:  February 3, 2016                              /s/                           
                                          Beth P. Gesner
                                          United States Magistrate Judge